UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RICARDO GONZALEZ,                    )   NO. CV 10-01100 AHM (SS)
                                     )
                    Plaintiff,       )
                                     )   **MEMORANDUM AND ORDER DISMISSING**
          v.                         )   **COMPLAINT WITH LEAVE TO AMEND**
                                     )
LOS ANGELES COUNTY SHERIFF'S         )
DEPARTMENT, et al.,                  )
                                     )
                    Defendants.      )
_____)

**I.**

**INTRODUCTION**

On February 19, 2010, Ricardo Gonzalez ("Plaintiff"), a federal prisoner proceeding pro se, filed his Complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") against various defendants.  On April 14, 2010, the Court dismissed the Complaint with leave to amend for various deficiencies in pleading.  Petitioner filed his First Amended Complaint (or "FAC") on May 20, 2010.  For the reasons stated below, the First Amended Complaint is dismissed with leave to amend.

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

## II.

### ALLEGATIONS OF THE COMPLAINT

The Complaint identifies three defendants: (1) the Los Angeles County Sheriff's Department ("Sheriff's Department"); (2) Los Angeles County Deputy Sheriff Michael Chaccon; and (3) Los Angeles County Deputy Sheriff James Gideon. (FAC at 2). Plaintiff claims that Deputy Chaccon and Deputy Gideon violated his civil rights "by using excessive force, . . . by unreasonable search and seizure, and by denying [P]laintiff . . . needed medical care." (Id. at 4). He asserts that the Sheriff's Department "failed to properly employ, train, and introduce departmental policies" to Defendants Chaccon and Gideon. (Id. at 2; see also id. at 7 ("Defendant [Sheriff's Department] failed to properly train and set policies [for] these officers.")).

//
//
//

2

**III.**

**DISCUSSION**

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to pleading defects. <u>Pro se</u> litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. <u>Lopez</u>, 203 F.3d at 1127-29; <u>see also</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 623 (9th Cir. 1988). Accordingly, the Court grants Plaintiff leave to amend, as indicated below.[1]

**A.   Plaintiff Fails To State A Claim Against A Municipal Entity**

Plaintiff has named the Los Angeles County Sheriff's Department as a defendant. (FAC at 2, 7). When an individual sues a local government for violation of his constitutional rights, the municipality is liable if the individual can establish that the local government "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." <u>Galen v. County of Los Angeles</u>, 477 F.3d 652, 667 (9th Cir. 2007) (quoting <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). In <u>Monell</u>, however, the Supreme Court specifically rejected governmental liability based on the doctrine of <u>respondeat</u> <u>superior</u>. <u>Monell</u>, 436 U.S. at 691-94. Thus, in order to impose liability on a

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).

3

municipality under § 1983, a plaintiff must identify a specific policy that caused his injury. <u>See</u> <u>Bd. of County Comm'rs of Bryan County, Okla. v. Brown</u>, 520 U.S. 397, 403-04, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997); <u>see also</u> <u>Iqbal v. Ashcroft</u>, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) (requiring specific allegations regarding the policy at issue in a civil rights case).

This is true even when a plaintiff asserts that municipal <u>inaction</u> caused his injury. "[I]nadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact." <u>City of Canton v. Harris</u>, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). Importantly, in order to succeed on such a claim, a plaintiff must identify in what respect, specifically, the municipality failed to train its employees and how that failure to train caused the constitutional violation. <u>See</u> <u>id.</u> at 389 ("Only where a municipality's failure to train its employees <u>in a relevant respect</u> evidences a deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a city policy or custom that is actionable under § 1983." (internal quotation marks omitted and emphasis added)). Thus, failure to identify the area in which there was a failure to train subjects a civil rights claim to dismissal for failure to state a claim. <u>See</u> <u>S.J. v. Perspectives Charter School</u>, 685 F. Supp. 2d 847, 857 (N.D. Ill. 2010) ("Here, [plaintiff] alleges no specific policies, practices and customs of [d]efendants other than failure to properly train employees. [Plaintiff's] pleading of this Count amounts to mere 'legal conclusions' without 'show[ing] that

[Plaintiff] is entitled to relief.'" (quoting <u>Iqbal</u>, 129 S. Ct. at 1950) (internal citations and quotation marks omitted)).

In the present case, Plaintiff alleges only that the Sheriff's Department is subject to liability based on its "fail[ure] to properly employ, train, and introduce departmental policies" to its employees. (FAC at 2). He has alleged that some kind of policy existed, but has not identified a <u>specific</u> policy. Insofar as Plaintiff is suing a municipal entity, he must identify how Defendants' inadequate training in some specific official municipal policy violated Plaintiff's constitutional rights. <u>Bd. of County Comm'rs</u>, 520 U.S. at 403-05; <u>City of Canton</u>, 489 U.S. at 388; <u>S.J.</u>, 685 F. Supp. 2d at 857. Plaintiff has not done so. However, he is given leave to amend to correct this deficiency.

## IV.

### CONCLUSION

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a Second Amended Complaint, curing the defects in the First Amended Complaint described above. The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the prior complaints. The caption shall include all parties that Plaintiff is suing. Each page of the Second Amended Complaint must be consecutively numbered.

//

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** Plaintiff should make clear which defendant committed a particular act of misconduct. Individuals who have not engaged in any alleged misconduct should not be named as defendants. It is not necessary for Plaintiff to cite case law or include legal argument. Moreover, irrelevant exhibits or other extraneous documents are not necessary for Plaintiff to include with his complaint.

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).** Plaintiff is further advised that, if he does not wish to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A sample notice is attached to this order as well.

DATED: June 9, 2010                                          /S/

                                        _____
                                              SUZANNE H. SEGAL
                                        UNITED STATES MAGISTRATE JUDGE

6